# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| TYLER DOUGLAS HILAMAN | CIVIL ACTION NO. 25-174-P |
| VERSUS | JUDGE DOUGHTY |
| BOSSIER MAXIMUM FACILITY ADMNISTRATION | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before the court is a civil rights complaint filed <u>in forma pauperis</u> by <u>pro se</u> plaintiff Tyler Douglas Hilaman ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 10, 2025. Plaintiff is incarcerated at the Bossier Maximum Security Center in Plain Dealing, Louisiana. He names the Bossier Maximum Facility as defendant.

Plaintiff states that on December 12, 2024, he was placed on suicide watch until December 18, 2024. He claims that during this time, he was not allowed to shower. He claims the deputies told him every day that he was not allowed to shower.

Plaintiff claims that on December 18, 2024, the mental health doctor Mrs. Morgan came to see him and released him from suicide watch. He claims Mrs. Morgan told him that he was allowed to shower.

Plaintiff feels he was treated with cruel and unusual punishment. He claims not allowing him to shower was an unsanitary practice.

Accordingly, Plaintiff seeks to have his current charges dismissed and monetary damages.

For a Section 1983 claim to be meritorious, the Plaintiff must allege facts sufficient to establish that state actors were deliberately indifferent to his constitutional rights.  See Whitley v. Albers, 475 U.S. 312 (1986).  Before this court can determine the proper disposition of this matter, the Plaintiff should be given the opportunity to set forth with specificity the factual basis of his claim.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

For this court to determine what action, if any, shall be taken on this suit;

**THE CLERK IS DIRECTED** to serve by mail, a copy of this memorandum order upon the Plaintiff, who is **ORDERED** to furnish to the Clerk of Court in Shreveport, Louisiana, within thirty (30) days after service of this order, an amended complaint setting forth the factual allegations of his civil rights suit.  Specifically, the Plaintiff must submit the following to this court:

1.    **WHO** violated his civil rights;

2.    **HOW** his civil rights were violated;

3.    A list of **specific damages or prejudice** suffered by him; and

4.    The **specific relief** he seeks.  Plaintiff is advised that claims for release from incarceration should be raised in a separate petition for habeas relief.

Failure to do so will result in dismissal of Plaintiff's suit pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this

25th day of February 2025.

Mark L. Hornsby
U.S. Magistrate Judge