UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TYLER DOUGLAS HILAMAN** | **CIVIL ACTION NO. 25-174-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **BOSSIER MAXIMUM FACILITY ADMNISTRATION, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Tyler Douglas Hilaman ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 10, 2025. Plaintiff is incarcerated at the Bossier Maximum Security Center in Plain Dealing, Louisiana. He names the Bossier Maximum Facility Administration, Sgt. Boudreaux, Sgt. Emerson, Sgt. Shaver, and Sgt. Liles as defendants.

Plaintiff states that on December 12, 2024, Sgt. Boudreaux and Deputy Morales escorted him from the E-Pod to the C-Pod and placed him on suicide watch until December 18, 2024. He claims Sgt. Boudreaux told him that he was going to teach him a lesson. On Friday, Saturday, and Sunday, Plaintiff repeatedly asked the pod deputies if he could shower. He claims the deputies told him that they would check with either Sgt. Emerson

or Sgt. Lyles. He claims that during their next rounds, the deputies told him that he could not take a shower because he was on suicide watch. On Monday and Tuesday, Plaintiff repeatedly asked the deputies if he could shower. He claims the deputies told him that they would check with the Shift Sergeant. He claims that during their next rounds, the deputies told him that either Shift Sgt. Boudreaux or Shift Sgt. Shaver told them that he could not take a shower because he was on suicide watch. He claims that during the entire time he was on suicide watch, he was not allowed to shower.

Plaintiff claims that on December 18, 2024, the mental health doctor Mrs. Morgan came to see him, asked him some mental health questions, and released him from suicide watch. He claims Mrs. Morgan told him that he was allowed to shower while on suicide watch. He claims that another inmate who had also been on suicide watch told him that he was allowed to shower multiple times.

Plaintiff feels he was treated with cruel and unusual punishment. He claims that not allowing him to shower was an unsanitary practice and caused him pain, suffering, and emotional distress.

Accordingly, Plaintiff seeks to have his current charges dismissed, monetary compensation, nominal and punitive damages, costs, declaratory and injunctive relief, and any additional relief this court deems just, proper, and equitable.

## LAW AND ANALYSIS

**Classification**

To the extent Plaintiff challenges his placement on suicide watch, this is not a claim that this court can resolve. Federal courts should not, under the guise of enforcing

constitutional standards, assume the superintendence of state prison administration. See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds). Thus, this court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline, and security in prison. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification. In addition, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)).

Accordingly, Plaintiff's claim regarding his classification is frivolous because it lacks an arguable basis in law and in fact, and it should be dismissed with prejudice as frivolous.

**Conditions of Confinement**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person

acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.

The court is unable to determine with certainty if Plaintiff is a pretrial detainee or a convicted inmate. However, there is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs. See Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc); Gibbs v. Grimmette, 254 F.3d 545, 548 (5th Cir. 2001).

Plaintiff claims that while on suicide watch from December 12, 2024 to December 18, 2024, he was not allowed to shower. Plaintiff's claim standing alone, simply does not rise to the level of cruel and usual punishment as defined by the jurisprudence. Plaintiff does not allege how the denial of a shower for approximately seven days posed a substantial risk of serious harm to his health or safety, nor does he allege that prison officials knew of and disregarded that risk. "[T]he Constitution does not require daily or even weekly showers." Garrett v. Smith, 2021 WL 1215871 (E.D. La. 2021); See Hamilton v. Lyons, 74 F.3d 99, 106 (5th Cir. 1996).

The federal courts have long recognized that serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." Id. (citing Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982)). The courts have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." Id. Thus, Plaintiff's claims have failed to satisfy the first component of an Eighth Amendment claim.

Accordingly, Plaintiff's claim regarding the conditions of his confinement should be dismissed with prejudice as frivolous.

**Habeas Relief**

Plaintiff seeks to have his current charges dismissed. The dismissal of charges is not available through a civil rights action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Such relief is available, if at all, in a habeas corpus action under 28 U.S.C. § 2241.

To the extent Plaintiff seeks the dismissal of the current charges against him, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989). See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma

pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the court finds that the Plaintiff's complaint lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 16th day of April 2025.

Mark L. Hornsby
U.S. Magistrate Judge